IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY a/s/o KOONS OF TYSONS CORNER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES,<br><br>Defendant. | CIVIL ACTION<br>NO. 23-4190 |

## OPINION

**Slomsky, J.**                                                                                                 August 6, 2024

## I.      INTRODUCTION

This case arises from the theft of automobiles. Before the Court is Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services' ("Defendant") Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). (Doc. No. 9.) Plaintiff Pennsylvania National Mutual Casualty Insurance Company a/s/o Koons of Tysons Corner, Inc. ("Plaintiff") did not file a Response. For reasons that follow, Defendant's Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia will be granted.

## II.     BACKGROUND[1]

Plaintiff is an insurance company incorporated under the laws of Pennsylvania with its principal place of business in Harrisburg, Pennsylvania. (Doc. No. 9-3 at 5.) Koons of Tyson

---

[1] The following facts are taken from Plaintiff's Complaint and are accepted as true at the motion to dismiss stage.

1

Corner, Inc. is a subrogor of Plaintiff and has its principal place of business in Vienna, Virginia. (Id. at 6.) Defendant, Universal Protection Service, LP, provides security services and is a California limited partnership with its principal place of business in Conshohocken, Pennsylvania.[2] (Id. at 5.)

Prior to September 2021, Plaintiff entered into a contract with Defendant for security services at 2000/2050 Chain Bridge Road, Vienna, Virginia (the "Property"). (Id. at 6.) On or about September 21, 2021, and September 30, 2021, while Defendant's security services were being performed, vehicles were stolen from the Property. (Id.) On September 19, 2023, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas of Montgomery County, Pennsylvania. (See Doc. No. 1-1.) In the Complaint, Plaintiff alleges that the theft was a result of Defendant negligently and recklessly failing to take the necessary precautions to secure the property. (See id.)

On October 31, 2023, Defendant removed this case to the Eastern District of Pennsylvania. (See Doc. No. 1.) On January 29, 2024, Defendant filed a Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). (Doc. No. 9.) Plaintiff did not file a Response. Defendant's Motion is now ripe for disposition.

### III.  STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented" as long as it is "[f]or the convenience of the parties and witnesses" and "in the interest

---

[2] In its Answer to the Complaint, Defendant denies that its principal place of business is Conshohocken, Pennsylvania. (Doc. No. 4 at 1.) Instead, Defendant maintains that its principal place of business is located in California. (Id.) Defendant also maintains that it is incorporated under the laws of Delaware, not California. (Doc. No. 9 at 6.)

of justice." 28 U.S.C. § 1404(a).  "The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer."  McLaughlin v. GlaxoSmithKline, L.L.C., No. 12-3273, 2012 WL 4932016, at *2 (E.D. Pa. Oct. 17, 2012).  Although the district court has wide discretion in transferring a case, transfers should not be liberally granted.  Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001).

The threshold question under § 1404(a) is whether the proposed venue to which transfer is sought is an appropriate one.  Id.  Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which the action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a).

In deciding whether to transfer a case under § 1404(a), a court must conduct a balancing test and weigh various factors in deciding whether the "interests of justice [would] be better served by transfer to a different forum."  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3rd Cir. 1995).  Courts are not limited to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and instead may consider "all relevant factors." Id.  While there is no definitive formula or list of factors to consider, a court's decision should be guided by the list of private and public interest factors identified by the Third Circuit.

The six private interest factors are as follows:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as

3

indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. (citations omitted). The six public interest factors are as follows:

[T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

When, as here, no forum selection clause is in issue, the Court must consider "the private and public interests" in deciding whether a case should be transferred pursuant to § 1404(a). Id. at 879. "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 567-68 (D. Del. 2001) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). For reasons that follow, the Court will grant Defendant's Motion.

IV.   ANALYSIS

Defendant seeks to transfer this case to the Eastern District of Virginia because the event giving rise to the claim occurred within the jurisdiction of the Eastern District of Virginia, and the location of key witnesses prevents this Court from compelling them to appear in the Eastern District of Pennsylvania under Rule 45(c)(1) of the Federal Rules of Civil Procedure. Defendant's arguments will be considered below.

   A. **Defendant's Motion to Transfer Venue Will be Granted as Unopposed**

To begin, Defendant's Motion to Transfer Venue will be granted because it is an unopposed Motion. Pursuant to Eastern District of Pennsylvania Local Rule 7.1(c) "any party opposing [a] motion shall serve a brief in opposition together with such answer or other response that may be

appropriate, within fourteen (14) days after service of the motion" unless the Court directs otherwise and "[i]n the absence of timely response, the motion may be granted as uncontested." See Loc. R. Civ. P. 7.1(c); Celestial Cty. Dev. Corp. v. City of Phila., 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012) ("Plaintiffs who fail to brief their opposition to portions of motions do so at the risk of having those parts of the motions granted as uncontested" (internal citations omitted)); Nelson v. DeVry Inc., Civ. A. No. 07-4436, 2009 WL 1213640, at *10 (E.D. Pa. 2009) ("Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed.") (internal citations omitted); Smith v. Nat'l Flood Ins. Program of the Fed. Emergency Mgmt. Agency, 156 F. Supp. 2d. 520, 525 (E.D. Pa. 2001) (granting motion to dismiss as unopposed with respect to claim plaintiff failed to address).

Here, on January 29, 2024, Defendant filed the Motion to Change Venue. (Doc. No. 9.) To date, six months later, Plaintiff has not filed a response. Therefore, Plaintiff has not filed a response in the required fourteen (14) days pursuant to Local Rule 7.1(c). For that reason, Defendant's Motion will be granted. Nevertheless, because the Eastern District of Virginia is a proper venue for this case, there are other reasons to transfer venue there.

**B. Defendant's Motion to Transfer Venue Will be Granted Because the Eastern District of Virginia is a Proper Venue**

As a preliminary matter, venue is proper in the Eastern District of Virginia because a substantial part of the events giving rise to the claims in this case occurred there. Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). In the Complaint, Plaintiff alleges negligence and breach of warranty arising out of a contract to provide security services at Plaintiff's Property in Vienna, Virginia, which is located in the Eastern District of Virginia. (See Doc. No. 1.) Further,

the thefts giving rise to the claim occurred at Plaintiff's Property. Therefore, all of the events giving rise to the claims in this case occurred in the Eastern District of Virginia. For these reasons, venue is proper in the Eastern District of Virginia. Further, as will be discussed below, private and public interest factors weigh in favor of transferring venue.

**C. Private Interest Factors Favor the Transfer of this Case to the Eastern District of Virginia**

The first private interest factor is Plaintiff's forum preference as manifested in the original choice. Jumara, 55 F.3d at 873, 879. A plaintiff's choice of forum typically receives "paramount consideration." McAssey v. Discovery Mach. Inc., No. 16-0882, 2016 WL 1569689, at *2 (E.D. Pa. Apr. 18, 2016) (quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 24-25 (3d Cir. 1970)). "However, there are two situations where the plaintiff's choice may be accorded less deference: where no operative facts occurred in the chosen district, and where the chosen forum is not the plaintiff's residence." Duffy v. Camelback Ski Corp., No. CIV. A. 92-0589, 1992 WL 151802, at *1 (E.D. Pa. June 23, 1992) (internal citations omitted).

Here, Plaintiff initiated this action in the Court of Common Pleas of Montgomery County, Pennsylvania. Defendant then removed the case to the Eastern District of Pennsylvania. Again, Plaintiff has not filed a response to Defendant's Motion to Transfer Venue. However, assuming that the Eastern District of Pennsylvania is Plaintiff's forum preference, that is given less deference because Plaintiff is a business with its principal place of business in Harrisburg, Pennsylvania, which is located in the Middle District of Pennsylvania. Further, the operative facts occurred in Virginia, not Pennsylvania. Accordingly, this factor weighs in favor of transferring this case to Virginia.

The second private interest factor is Defendant's preferred forum choice. Defendant's forum choice, however, "is entitled to considerably less weight than Plaintiff's, as the purpose of

6

a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005).  Here, Defendant's choice of forum is the Eastern District of Virginia.  Defendant is neither a citizen of Virginia, nor Pennsylvania.  Neither forum appears to be considerably more convenient for Defendant to litigate in.  Thus, this factor is neutral.

The third private interest factor considers the location where the claim arose.  Essential material facts related to this action occurred in Fairfax County, which lies in the Eastern District of Virginia and the subject property is located in Vienna, Virginia.  The parties entered into a business contract to provide security services at the subject property.  The cause of action arises out of automobile thefts taking place at the subject property, while the parties were under contract.  Accordingly, since the events giving rise to the claim occurred exclusively in the Eastern District of Virginia, this factor weighs greatly in favor of transfer.

The fourth private interest factor is the convenience of the parties as indicated by their relative physical and financial condition.  Plaintiff is incorporated under Pennsylvania law with a principal place of business in Harrisburg, Pennsylvania, which is located in the Middle District of Pennsylvania.  Defendant is incorporated under Delaware law with a principal place of business in California.  Plaintiff is located closer to the Eastern District of Pennsylvania than the Eastern District of Virginia.  However, this is limited by the fact that neither District is Plaintiff's home forum.  Additionally, Plaintiff is an insurance company with sufficient resources to litigate elsewhere.  Likewise, Defendant has no apparent connection to either forum and would not be greatly inconvenienced by a transfer physically, nor financially.  For these reasons, this factor is neutral.

The fifth factor is the convenience of witnesses. Plaintiff has identified the following five key non-party witnesses: the Koons of Tysons Corner office manager, the Koons of Tysons corner purchasing director, two Fairfax County Police Department officers and a Fairfax County police department detective. All five key witnesses are residents of Virginia and are either familiar with the facts and circumstances of the alleged incidents or heavily involved with the investigation of the incidents. Pursuant to Federal Rule of Civil Procedure 45(c)(1), a court may command a witness to attend a trial, hearing, or deposition only within 100 miles or within the state in which the person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(1). The Eastern District of Pennsylvania courthouse is located at 601 Market Street, Philadelphia, Pennsylvania, approximately 125 miles from the Virginia border. As such, this Court has no jurisdiction to compel any of the five key witnesses to appear. Thus, this factor weighs heavily in favor of transfer.

The final private interest factor is the location of books and records. There is no reason to believe that either party would be overly burdened in transferring their books and records to the Eastern District of Virginia or the Eastern District of Pennsylvania. Therefore, this factor favors transfer.

Thus, four private interest factors weigh in favor of transfer to the Eastern District of Virginia and two are neutral.

**D. Public Interest Factors Favor the Transfer of this Case to the Eastern District of Virginia**

The public interest factors also weigh in favor of transferring venue. The present action is governed by federal law, rendering many of the public interest factors inapplicable since federal laws are applied uniformly throughout the district courts. EVCO Tech., 379 F. Supp. 2d at 732. Despite the limitations, the first public interest factor is the enforceability of the judgement. Courts

throughout the Third Circuit have routinely acknowledged that "the enforceability of the judgment, public policies, and the familiarity of the trial judge with the applicable law are neutral" in federal cases.  The latter two are also public interest factors.  Therefore, these three factors are presumed to be equivalent in both the Eastern District of Virginia and the Eastern District of Pennsylvania. Scanlan v. Am. Airlines Grp., Inc., 366 F. Supp. 3d 673, 679 (E.D. Pa. 2019).  The three remaining factors are (1) practical considerations that could make the trial easy, expeditious, or inexpensive; (2) relative administrative difficulty in the two fora resulting from court congestion; and (3) the local interest in deciding local controversies at home.  Jumara, 55 F.3d at 879-80.

      For the first remaining factor, the Court must look to any practical considerations that could make the trial easy, expeditious, or inexpensive.  Here, the witnesses reside in Vienna, Virginia, which is in the Eastern District of Virginia, and the evidence appears to be located there.  Accordingly, this factor favors transfer to the Eastern District of Virginia.

      Second, the Court must examine any relative administrative difficulty in the two fora resulting from court congestion.  This Court is unaware of congestion in either district to a level that would render a transfer of this case unreasonable.  Therefore, this factor is also neutral.

      The final factor is the forum's local interest in deciding local controversies at home. Plaintiff is incorporated under Pennsylvania law with a principal place of business in Harrisburg, Pennsylvania.  Defendant is incorporated under Delaware law with a principal place of business in California.  Plaintiff operates and conducts business in Pennsylvania, and the insurance policies that Defendant issued to Plaintiff applied to Plaintiff's presence in Pennsylvania.  Pennsylvania has an interest in deciding a dispute that concerns insurance policies issued within its boundaries by a company both incorporated and headquartered in Pennsylvania.  Paycom Software, Inc. v. Travelers Cas. & Sur. Co. of Am., Civil Action No. 21-01403-CFC, 2022 U.S. Dist. LEXIS 65624,

at *16 (D. Del. Apr. 8, 2022).  Conversely, the thefts giving rise to the claim occurred at the subject property in Virginia.  Virginia has an interest in resolving automobile thefts taking place within its borders.  Coppola v. Ferrellgas, 250 F.R.D. 195, 201 (E.D. Pa. 2008) ("the burden of jury duty is more fairly placed on the residents of [Virginia] who maintain an interest in resolving disputes which arise from accidents happening within their borders.").  Given the conflicting local interests of the two fora, this factor is neutral.

When balancing all relevant public interest factors, one favors transfer, and the rest are neutral.  Because five private and public interest factors favor transfer to the Eastern District of Virginia, none oppose this transfer, and four are neutral, this case will be transferred to the Eastern District of Virginia.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer Venue to the Eastern District of Virginia (Doc. No. 9) will be granted.  An appropriate Order follows.